BURLINGTON & MISSOURI RIVER RAILROAD IN NE-
BRASKA, PLAINTIFF IN ERROR, v. YOUNG BEAR AND
SHARP WAYNE, DEFENDANTS IN ERROR.

Replevin: ANSWER. In an action of replevin to recover certain
timber and bridges, the defendants in their answer in effect de-
nied the unlawful detention of the property, and that the plain-
tiff was entitled to the immediate possession of the same; and
also alleged that they had saved said property from loss and
destruction by floods, and claimed salvage under the act of 1883.
On demurrer to the answer, Held, That it stated a defense to the
action, notwithstanding its failure to allege a compliance with
the salvage act.

ERROR to the district court of Richardson county.
Tried below before BROADY, J.

*Marquett & Deweese,* for plaintiff in error.

*C. Gillespie,* for defendants in error.

MAXWELL, J.

The plaintiff brought an action of replevin in the district court of Richardson county to recover certain bridge timber, railroad lumber, and ties. The defendant, Young Bear, filed an answer to the petition as follows: "The said Young Bear, defendant, for answer to this action, says that he had possession of the following described goods taken by said plaintiff by virtue of this replevin, to-wit: One pine bridge, stringers eighteen feet long, worth $3.25; sixty-seven ties, worth 60 cents each, $40.20; one railroad bridge, worth about $400; total estimated value, $443.45; that said property was not unlawfully detained by said Young Bear, defendant, from said plaintiff, nor was the said plaintiff entitled to the immediate possession of the same. * *. This defendant has and claims a lien upon said property as taken up and secured by him, lost and washed out by the high water of the Nemaha river; that said property was rescued and caught by this defendant floating down the current in the low or bottom lands of said Nemaha river, then covered with high water; that said property was so caught in said county by this defendant, its salvor, on or about the 20th to the 25th day of June, A.D. 1883, and said defendant claims his salvage as provided by law in such cases, the same being 10 per cent of the valuation of said property, which the defendant alleges to be the sum of $44.34. As soon as the high water permitted, the said defendant notified the said plaintiff that he had possession of said property, and was ready to deliver the same on the payment of said salvage, then due, which said defendant is now and has ever since the taking of said property been ready and willing to do; but said plaintiff wholly refuses to pay the same, or any part thereof." The prayer of the answer is for judgment against the plaintiff for the sum of $44.34 and costs. The answer of the other defendant is to the same effect, with prayer for $10.62 judgment. To these answers the plaintiff demurred, upon the

ground that the facts stated therein were not sufficient to constitute a defense.    The demurrers were overruled, and the plaintiff electing to stand on the demurrers, judgments were rendered in favor of the defendant Young Bear for $44.34, and Sharp Wayne for $10.62.    The error assigned is the overruling of the demurrer.

The plaintiff contends that the defendants should have stated in their answers all the facts necessary to show a compliance with the act regulating salvages, approved February 28th, 1883, Comp. Stat., Ch. 78a, to entitle them to a lien for saving the property.    If the defendants relied upon the statement of facts alone as to saving the property, the position contended for would be correct, because to entitle them to a lien for salvage there must be a substantial compliance with the law.    But it will be observed that the defendants, in effect, deny that the property was unlawfully detained, or that the plaintiff is entitled to the immediate possession of the same.    The denial is in the form of a direct allegation "that said property was not unlawfully retained by him, nor was plaintiff entitled to the immediate possession of the same;" but, nevertheless, it is in effect a denial, and controverts the allegations of the petition upon which the plaintiff's right to recover depends. When the plaintiff admits by its demurrer that the property is not wrongfully retained, and that it is not entitled to its immediate possession, the presumption is that the defendants have complied with the statute.    If this was not so the facts should have been pleaded and proof introduced.    Where there is an omission to plead a material fact the presumption is that it does not exist.    *B. & M. R. R. Co. v. York Co.*, 7 Neb., 487.    *B. & M. R. R. v. Lancaster Co.*, 4 Id., 307.    *Gibson v. Parlin*, 13 Id., 292.    It is very evident that justice has been done, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.